25-2046-cv
*McLeod v. Bisignano*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty-six.

PRESENT:     GUIDO CALABRESI,
             SARAH A. L. MERRIAM,
                   *Circuit Judges*,
             LEWIS J. LIMAN,
                   *District Judge*.[*]

_____

CLAUDENE MCLEOD,

    *Plaintiff-Appellant*,

      v.                                                          25-2046-cv

FRANK BISIGNANO, Commissioner
of Social Security,

    *Defendant-Appellee*.

_____

---

[*] Judge Lewis J. Liman of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:    CHRISTOPHER JAMES BOWES, Law Office of Christopher James Bowes, Shoreham, N.Y.

FOR DEFENDANT-APPELLEE:    NATASHA OELTJEN, Special Assistant United States Attorney (Michael J. Pelgro, Head of Program Litigation 2, Social Security Administration, Law & Policy, *on the brief*), *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jones, *M.J.*).

UPON DUE CONSIDERATION, the June 24, 2025, judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Claudene McLeod appeals from the District Court's entry of judgment on the pleadings in favor of Defendant-Appellee Commissioner of Social Security (the "Commissioner"), upholding a final determination that McLeod was not entitled to disability benefits under the Social Security Act (the "Act"). This determination was made following a January 30, 2024, decision by an administrative law judge ("ALJ") finding that McLeod was not disabled under the Act, and an August 12, 2024, order of the Appeals Council denying McLeod's request for review.

"The ultimate finding of whether a claimant is disabled and cannot work is reserved to the Commissioner. To make that finding, the agency follows a five-step process." *Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022) (citation modified); *see also* 20 C.F.R. §404.1520(a)(4)(i)-(v). This case concerns the ALJ's Residual Functional

2

Capacity ("RFC") determination, which is made before the ALJ engages in the fourth step of that process. *See* Certified Admin. Rec. ("CAR") at 11-12. In particular, McLeod contends that the ALJ's finding that she had the RFC to perform light work, with additional limitations, was not supported by substantial evidence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I.      Standard of Review

"On an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (citation modified). "We conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Id.* (citation modified).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation modified). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* at 103. "Substantial evidence is more than a mere scintilla. It means such *relevant* evidence as a *reasonable* mind might accept as adequate to support a conclusion." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation modified); *see also Colgan v. Kijakazi*, 22 F.4th 353, 359 (2d Cir. 2022) ("It requires relevant

evidence which would lead a 'reasonable mind' to concur in the ALJ's factual determinations." (citation omitted)). Indeed, if we find that "evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).

## II. Discussion

McLeod advances two arguments in support of her contention that the ALJ's decision was not supported by substantial evidence. First, she argues that the medical opinions on which the ALJ relied were based on incomplete information. Second, she argues that the ALJ mischaracterized evidence and ignored relevant contradictory evidence. Neither of these arguments is persuasive.

McLeod argues that the ALJ relied on medical opinions from providers who had not reviewed "critical evidence of grade IV chondromalacia of the left knee." McLeod Br. at 34. Specifically, she argues that the opinions of Dr. Passick, Dr. Puri, Dr. Randall, and Dr. Xie, all of which the ALJ found to be persuasive, did not consider the December 23, 2020, MRI of McLeod's left knee showing such chondromalacia. The record does not support this contention. Dr. Passick addressed McLeod's complaint of pain in her left knee, and he reviewed notes from McLeod's treating physicians that included a reference to the MRI and its findings. *See* CAR at 400, 491. Dr. Puri made a notation that McLeod "had MRIs done of the knee." CAR at 565. Dr. Randall's report stated that he had

4

reviewed McLeod's medical reports, which included references to the MRI findings.[1]

*See* CAR at 84-85, 563, 611. McLeod is correct that Dr. Xie did not refer to the MRI, but he did address McLeod's complaint of pain in her left knee and the results of an x-ray of McLeod's left knee. *See* CAR at 530. Finally, it is not disputed that the ALJ was aware of the December 23, 2020, MRI of McLeod's left knee because she made specific reference to it in her decision.[2] *See* CAR at 15.

McLeod also argues that the ALJ mischaracterized or ignored relevant contradictory evidence in the record. Specifically, McLeod contests the ALJ's statement that "treatment notes show that, upon physical examinations conducted throughout the period relevant to this decision, [McLeod] has exhibited largely normal findings, including overall normal functioning of the extremities, a general steady gait, and generally normal neurological findings." CAR at 15. She argues that the medical records cited by the ALJ do not actually demonstrate "largely normal findings," and that there is significant evidence in the record suggesting the contrary. McLeod Br. at 39. McLeod argues that the ALJ effectively "substitute[d her] own judgment for competent medical opinion." McLeod Br. at 53 (citation modified). We disagree.

---

[1] Dr. Randall's report also states that his opinion "is supported by the totality of the MER [Medical Evidence of Record] in file." CAR at 82 (capitalization altered).

[2] The fact that the ALJ expressly referenced the MRI distinguishes this case from *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008), on which McLeod heavily relies. In *Burgess*, "the ALJ was unaware of the presence—and contents—of the MRI Report." *Id.* at 130. Furthermore, in *Burgess*, the Court was considering whether a treating physician's opinion should be afforded controlling weight; the treating physician rule is no longer in effect, so that analysis is not helpful here.

5

The ALJ supported her factual findings with citations to specific medical records which include evidence of both McLeod's impairments and her abilities. *See* CAR at 15. Importantly, the record reflects that the ALJ *did* consider *all* of this evidence, stating: "Notwithstanding the . . . medical evidence of [McLeod's] impairments, [her] medical records do not establish that [her] impairments impact her to the extent of precluding full-time work." CAR at 15. To the extent there are "conflicts in the medical evidence," those "are for the Commissioner to resolve." *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002).

"Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (per curiam). There is sufficient evidence in the record here that a "reasonable mind might accept as adequate," *Brault*, 683 F.3d at 448 (citation modified), to support the ALJ's conclusion that McLeod possesses the residual functional capacity to perform light work, with additional exertional restrictions.

We have considered McLeod's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6